IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE J. McDONALD, #B-42547, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-495-MJR |
| | ) |
| UNITED STATES CONGRESS, | ) |
| UNITED STATES SENATE, | ) |
| and UNITED STATES HOUSE OF | ) |
| REPRESENTATIVES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on a motion for leave to proceed *in forma pauperis* ("IFP") brought by Plaintiff (Doc. 2). Plaintiff, an inmate at Menard Correctional Center ("Menard"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Based on the prior dismissal of numerous frivolous lawsuits,[2] Plaintiff has accumulated well over three "strikes." Therefore, under 28 U.S.C. § 1915(g), he is not allowed to proceed *in forma pauperis* ("IFP") in a new civil action unless he is "under imminent danger of serious physical injury."

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee, and will be assessed a fee of only $350.00.

[2] *See, e.g., McDonald v. Porter*, Case No. 08-cv-342 (S.D. Ill., dismissed as frivolous, February 20, 2009); *McDonald v. Feinerman*, Case No. 08-cv-395 (S.D. Ill., dismissed as frivolous, March 12, 2009); *McDonald v. Payne*, Case No. 08-cv-921 (S.D. Ill., dismissed as frivolous, July 27, 2009); and *McDonald v. Veath*, Case No. 12-cv-1183 (S.D. Ill., dismissed as frivolous and malicious, March 22, 2013).

**The Complaint (Doc. 1)**

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2014 (Doc. 1). He names both Houses of the United States Congress as Defendants. Plaintiff's complaint is virtually incoherent. He seems to challenge the constitutionality of the fee provision and "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), (g) (Doc. 1, p. 3). He claims that the PLRA's filing fee requirements are discriminatory and result in "extortion and blackmail" of prisoners (Doc. 1, pp. 3-4). He further argues that the requirement for prepayment of filing fees by prisoner-plaintiffs who have incurred three or more "strikes" for filing actions that are frivolous, malicious, or fail to state a claim, but who face no imminent danger of serious physical harm, violates the constitution. Plaintiff also mentions a cure for "multiple blood borne diseases" that are "about to be lost to the world community" (Doc. 1, p. 5). Finally, Plaintiff claims that undue delays in another § 1983 action have caused him to suffer "brain damage" (Doc. 1, pp. 3-6). He now sues Congress for compensatory damages, declaratory judgment, and injunctive relief (Doc. 1, p. 6).

**Motion for Leave to Proceed IFP (Doc. 2)**

Plaintiff seeks leave to proceed IFP in this case. Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or

2

was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's affidavit appears to meet these basic requirements.

However, the IFP motion fails on its merits. According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

The Court is aware of at least a dozen cases where Plaintiff was assessed a "strike" under § 1915(g) by Courts in the Seventh Circuit. As discussed in more detail below, Plaintiff has incurred more than three "strikes" in this district alone. Therefore, under § 1915(g), he may not proceed IFP in this case unless he is in imminent danger of serious physical injury.

Plaintiff has not satisfied this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). There must be an adequate nexus, "fairly traceable" between imminent harm and the legal claims. *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir.

3

2009). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff does not claim to be in imminent danger of serious physical harm in his IFP Motion or his complaint. In fact, he does not mention imminent danger at all in the IFP Motion. He also includes no allegations in the IFP Motion suggesting that he faces any immediate harm.

Turning to the complaint, the Court also finds no indication that Plaintiff is in imminent danger of serious physical harm. He challenges the PLRA's fee provision, which Plaintiff claims is discriminatory and results in "extortion and blackmail" of prisoners (Doc. 1, p. 3). He also challenges the constitutionality of the "three strikes" provision. He sues Congress, essentially arguing for new legislation waiving the filing fee requirements for prisoners, regardless of the "strikes" they have incurred or the lack of imminent danger they have demonstrated. Certainly, this constitutional challenge does not give rise to an inference that Plaintiff is in imminent danger of serious physical harm.

And although Plaintiff claims to have suffered brain damage that rendered him unable to prepare his complaint without assistance, Plaintiff goes on to blame a magistrate judge and perceived delays in a pending lawsuit for the injury (Doc. 1, p. 6). He includes no other details regarding the alleged injury. The Court finds Plaintiff's claims to be completely devoid of merit and even ridiculous. Plaintiff has not shown any imminent danger that would allow him to proceed IFP in this action despite his "strikes." *See* 28 U.S.C. § 1915(g). Accordingly, his IFP Motion shall be **DENIED**.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

When leave to proceed IFP is denied, a prisoner-plaintiff is ordinarily allowed to carry on with an otherwise meritorious action if he pre-pays the full filing fee. However, the instant complaint fails to survive the initial merits review required by 28 U.S.C. § 1915A. Under § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. Applying these standards to the Complaint, Plaintiff's claims must be dismissed.

Plaintiff's constitutional challenge to the PLRA's fee provision and "three strikes" provision lacks merit and is frivolous. As the Seventh Circuit explained long ago:

> Filing fees are part of the costs of litigation. 28 U.S.C. § 1920(1). . . . 'All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant

> remains liable for them, and for other costs, although poverty may make collection impossible. See *McGill v. Faulkner,* 18 F.3d 456 (7th Cir. 1994).' *Abdul–Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996) (emphasis in original). . . . [Section] 1915(b)(4) affords indigent prisoners everything to which they could be entitled. It reads: 'In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.' The PLRA thus *never* blocks access to court solely on account of a prisoner's indigence—although a combination of indigence with a history of frivolous litigation may have this effect under § 1915(g). All the partial-prepayment and periodic-payment provisions in the amended § 1915 do is provide a means to collect from prison trust accounts sums that prisoners owe independently of § 1915 (for it is not § 1915 that imposes the filing fees).

See *Lucien v. DeTella*, 141 F. 3d 773, 775 (7th Cir. 1998). These provisions have been upheld as constitutional. *Id.* (citations omitted). Plaintiff's argument for a waiver of filing fees for prisoners, particularly those prisoners who have "struck out," is frivolous and shall be dismissed with prejudice.

The Court also finds Plaintiff's claim of brain damage associated with delays in litigation to be frivolous. This bald assertion is unsupported by any description of an actual constitutional violation or demonstrated injury. Accordingly, it shall also be dismissed with prejudice.

**Order to Show Cause**

It does not escape the Court's attention that Plaintiff is a frequent litigator, who racked up at least eight strikes in the United States District Court for the Northern District of Illinois within three years of the PLRA's enactment for filing lawsuits that were frivolous, malicious, or failed to state a claim. *See McDonald v. Danahy*, Case No. 92-cv-1306 (N.D. Ill., dismissed March 19, 1992); *McDonald v. Neville*, Case No. 92-cv-7492 (N.D. Ill., dismissed December 15, 1992); *McDonald v. Hornyak*, Case No. 93-cv-4779 (N.D. Ill., dismissed September 20, 1993); *McDonald v. U.S. District Court*, Case No. 93-cv-5832, (N.D. Ill.,

dismissed September 30, 1993); *McDonald v. Burris*, Case No. 93-cv-6548 (N.D. Ill., dismissed January 13, 1994); *McDonald v. Nevelle*, Case No. 93-7397 (N.D. Ill., dismissed March 1, 1994); *McDonald v. Ill. Supr. Court*, Case No. 96-3931 (N.D. Ill., dismissed July 30, 1996); and *McDonald v. People of the State of Illinois*, Case No. 96-8103 (N.D. Ill., dismissed July 8, 1997). He has since filed only one § 1983 action in the Northern District; it, too, was recently dismissed. *See McDonald v. Harrington*, Case No. 14-cv-2324 (N.D. Ill., dismissed as frivolous, April 4, 2014).

Since incurring three strikes in the Northern District, Plaintiff has also filed at least two other § 1983 actions in the United States District Court for the Central District of Illinois. Those, too, were dismissed. *See McDonald v. Snyder*, Case No. 99-cv-1205 (C.D. Ill., dismissed as frivolous, October 7, 1999); *McDonald v. Snyder*, Case No. 99-cv-1155 (C.D. Ill., dismissed following denial of IFP Motion, October 5, 1999).

From there, Plaintiff migrated south, undertaking a filing spree in this district that has spanned seven years. Since 2007, he has filed ten separate § 1983 actions in this district, generating upwards of seven appeals. Of those actions filed in this Court, four have resulted in an additional "strike." *McDonald v. Porter*, Case No. 08-cv-342 (S.D. Ill., dismissed as frivolous, February 20, 2009); *McDonald v. Feinerman*, Case No. 08-cv-395 (S.D. Ill., dismissed as frivolous, March 12, 2009); *McDonald v. Payne*, Case No. 08-cv-921 (S.D. Ill., dismissed as frivolous, July 27, 2009); and *McDonald v. Veath*, Case No. 12-cv-1183 (S.D. Ill., dismissed as frivolous and malicious, March 22, 2013). Only *one* has survived preliminary review under § 1915A. *See McDonald v. Shearing*, Case No. 13-cv-879 (S.D. Ill., filed August 26, 2013).

It comes as no surprise, then, that Plaintiff has also racked up substantial unpaid filing fees. For those cases he has filed in this Court, Plaintiff has incurred total unpaid filing

fees of $2,184.76.[3] Plaintiff has also filed seven related appeals in the Seventh Circuit, incurring additional unpaid filing fees of $2,523.93.[4] Together, these fees now total $4,708.69, excluding the $400.00 filing fee for this action.

It also does not escape this Court's attention that Plaintiff filed all ten of his § 1983 actions in this district *after* he accumulated three "strikes," which prevent him from proceeding IFP in any new action or appeal, unless he can establish that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Time and again, Plaintiff has failed to meet this standard. The Court will not tolerate this waste of judicial resources. Accordingly, Plaintiff must comply with the Show Cause Order set forth below.

**Disposition**

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** because it is frivolous. All Defendants are dismissed with prejudice from this action.

In addition, Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this Court should not restrict Plaintiff from filing any further actions in this Court until such time as Plaintiff pays the **$400.00** filing fee for this action and the outstanding **$4,708.69** owed to this Court for his previously filed and/or other pending actions in full. *See Newlin v. Helman*, 123

---

[3] This includes the following outstanding fees as of May 21, 2014: *McDonald v. Porter*, Case No. 08-cv-342 (S.D. Ill. 2008) ($285.97); *McDonald v. Feinerman*, Case No. 08-cv-395 (S.D. Ill. 2008) ($252.28); *McDonald v. Payne*, Case No. 08-cv-921 (S.D. Ill. December 30, 2008) ($280.81); *McDonald v. Fahim*, Case No. 12-cv-11 (S.D. Ill. January 6, 2012) ($350.00); *McDonald v. Maue*, Case No. 12-cv-1183 (S.D. Ill. November 16, 2012) ($350.00); *McDonald v. Maue*, Case No. 12-1257 (S.D. Ill. December 11, 2012) ($350.00); *McDonald v. Shearing*, Case No. 13-cv-879 (S.D. Ill. August 26, 2013) ($315.70).

[4] This includes the following outstanding fees as of May 21, 2014: *McDonald v. Porter*, Case No. 09-1731 (7th Cir. 2009) ($398.67); *McDonald v. Porter*, Case No. 09-1781 (7th Cir. 2009) ($455.00); *McDonald v. Feinerman*, Case No. 09-1774 (7th Cir. 2009) ($406.16); *McDonald v. Feinerman*, Case No. 09-1855 (7th Cir. 2009) ($455.00); *McDonald v. Fahim*, Case No. 12-1420 (7th Cir. 2012) ($454.94); *McDonald v. Maue*, Case No. 13-1779 (7th Cir. 2013) ($354.16).

F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Tender by Plaintiff of the full **$5,108.69** in outstanding fees for these actions to the Clerk of the Court within forty-five (45) days from the date of entry of this Order (on or before July 11, 2014) shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order.

All other pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED:  May 23, 2014**

s/ MICHAEL J. REAGAN
**U.S. District Judge**