**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MAURICE J. McDONALD, #B-42547,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-495-MJR** |
| | ) | |
| **UNITED STATES CONGRESS, UNITED STATES SENATE, and UNITED STATES HOUSE OF REPRESENTATIVES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On May 27, 2014, Plaintiff was ordered to show cause why this Court should not restrict him from filing any further actions until such time as he pays the $400.00 filing fee for this action and the outstanding $4,708.69 owed to this Court for his previously filed and/or other pending actions (Doc. 5, pp. 8-9). Alternatively, the Court indicated that tender of the full $5,108.69 in outstanding fees to the Clerk of Court would discharge Plaintiff's duty to show cause under this order (Doc. 1, p. 9). Plaintiff's deadline for responding to the show cause order was July 11, 2014.

That deadline has now passed. Plaintiff has not responded to the Court's order that he show cause why the Court should not restrict him from filing any further actions in this Court while the fees remain unpaid. He has also made no payment toward the $400.00 filing fee in this action. Further, Plaintiff has paid only $9.18 toward the $4,708.69 that he owed as of May 21, 2014, for his previously filed and/or other pending actions, reducing that balance to

$4,699.51 as of August 12, 2014.[1] Plaintiff's total outstanding obligation is now $5,099.51, i.e., $400.00 for this action and $4,699.51 for his previously filed and/or other pending actions.

Because Plaintiff has not paid the outstanding fees he owes the Court and has failed to show cause why the Court should not restrict him from filing future documents until his fees are paid in full, this Court finds it necessary to so restrict Plaintiff. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation."). Clearly, monetary sanctions are not enough to deter Plaintiff from filing future claims with this Court. He has accumulated $5,099.51 in fees and shown little effort to pay the debt.

**IT IS THEREFORE ORDERED** that until such time as Plaintiff has paid the $5,099.51 in outstanding fees owed to this Court in full, Plaintiff Maurice J. McDonald, #B42547, is **BARRED** from filing any future action in this Court, and the Clerk is **DIRECTED** to return unfiled any papers that he submits. Exempt from this filing restriction are: a notice of appeal in this case (which shall result in the imposition of an additional $455.00 filing fee);

---

[1] This includes the following outstanding fees as of August 12, 2014: *McDonald v. Porter*, Case No. 08-cv-342 (S.D. Ill. 2008) ($284.13); *McDonald v. Feinerman*, Case No. 08-cv-395 (S.D. Ill. 2008) ($250.44); *McDonald v. Payne*, Case No. 08-cv-921 (S.D. Ill. December 30, 2008) ($278.97); *McDonald v. Fahim*, Case No. 12-cv-11 (S.D. Ill. January 6, 2012) ($350.00); *McDonald v. Maue*, Case No. 12-cv-1183 (S.D. Ill. November 16, 2012) ($350.00); *McDonald v. Maue*, Case No. 12-1257 (S.D. Ill. December 11, 2012) ($350.00); *McDonald v. Shearing*, Case No. 13-cv-879 (S.D. Ill. August 26, 2013) ($315.70); *McDonald v. Porter*, Case No. 09-1731 (7th Cir. 2009) ($396.83); *McDonald v. Porter*, Case No. 09-1781 (7th Cir. 2009) ($455.00); *McDonald v. Feinerman*, Case No. 09-1774 (7th Cir. 2009) ($404.34); *McDonald v. Feinerman*, Case No. 09-1855 (7th Cir. 2009) ($455.00); *McDonald v. Fahim*, Case No. 12-1420 (7th Cir. 2012) ($454.94); and *McDonald v. Maue*, Case No. 13-1779 (7th Cir. 2013) ($354.16).

a petition for a writ of habeas corpus; and any papers sought to be filed by Plaintiff in a civil or criminal case in which he is a party defendant. *See Mack,* 45 F.3d 185; *Newlin,* 123 F.3d at 436-37. In accordance with this precedent, Plaintiff may apply for modification or rescission of this order not sooner than two years from the date of its entry, assuming that he fails to pay the balance of the $5,099.51 filing fees within that two years. Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff is directed to remit the $400.00 filing fee for this action from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $400.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Menard Correctional Center ***upon entry of this Order***.

**IT IS SO ORDERED.**

**DATED: August 14, 2014**

s/ MICHAEL J. REAGAN
**U.S. District Judge**